## ₹ Ebright *against* The Bank.

A judgment the lien of which was preserved by execution and levy on land at the time of the passage of the acts of the 26th of March 1827 and the 23d of March 1829, is required by those acts to be revived within the term of one year from the date of the latter act; and if not revived in that time, the lien expires; and this, although execution was out upon it at the time, and a sale made of the land in six days only after the term in the act had expired.

Where judgment is obtained against one who had taken the benefit of the insolvent laws, after his discharge, and a sale is made of land which was his when he was discharged, under such judgment the sale is only of what interest, if any, that remained in him, and the judgment creditor, and not his assignee or trustee, is entitled to the proceeds of the sale.

APPEAL from the decree of the court of common pleas of *Dauphin* county, distributing the proceeds raised by a sheriff's sale of the real estate of *Henry Meck.*

The money was claimed by *Jacob Meck* on the judgment of *Jacob Ebright's* administrators, against *Henry Meck* and *Jacob Meck,* which *Jacob,* who was the surety of *Henry,* had paid, and the court had ordered it to be marked for his use. The judgment was entered on the 25th of June, with a stay of execution to the 1st of December 1817; a *fieri facias* issued upon it to February term 1818, which was levied on the land which was afterwards sold. A *venditioni exponas* issued to October term 1818, which was returned stayed by plaintiff's attorney, and an *alias venditioni exponas* issued to April term 1830, on which, on the 29th of March 1830, the land levied on was sold for 251 dollars. The money was also claimed on two judgments of the *Philadelphia Bank* against *Henry Meck,* obtained on the 8th day of December 1817, revived by *scire facias* on the 27th of November 1826.

[Ebright v. The Bank.]

On the 13th of August 1817, *Henry Meck* was discharged under the insolvent law by the court of common pleas of Dauphin county; but no formal assignment was made by him to the trustees appointed by the court, and the trustees had not given bond.

The court of common pleas decreed the money to the *Harrisburg Bank*, which is the owner of the two judgments in favour of the *Philadelphia Bank;* and *Jacob Meck* appealed.

*Elder*, for the appellant.

The term of two years was allowed by the act of the 26th of March 1827, within which to revive judgments, the liens of which had been continued by previous laws, without suing out a *scire facias*. The act of the 23d of March 1829, extended the time for one year from the date of that act. *Purd. Dig.* 422, 423. The sale having been made on the 29th of March 1830, the time allowed by the last act had expired six days when the sale was made. But he contended that the case was not within the spirit of these acts, as the judgment was at the time working its own satisfaction, and great and unnecessary inconvenience would have resulted from requiring the party in such circumstances to issue a *scire facias*. He referred to 13 *Serg. & Rawle* 144.

But if the court should be of opinion that this judgment had lost its lien, he contended that the proceeds of the sale must go to the the trustees or assignees of *Meck*, under the insolvent laws, as the bank judgments were obtained after his discharge; and referred to *Gray* v. *Hill*, 10 *Serg. & Rawle* 436.

*Shock*, for the appellee.

The act of assembly is positive in its terms, and admits of no construction, by which its plain letter can be avoided.

He contended, however, that it was immaterial whether the property of *Henry Meck* in the bond sold was divested by his discharge as an insolvent or not. That was a question which concerned the purchaser at sheriff sale only. The bank judgments were obtained against, and bound whatever interest *Meck* had in the bond; it was that only which was sold, and the proceeds for which were in court. His assignees, whatever claim they might have to the land, had no claim to the money. *Friedly* v. *Sheetz*, 9 *Serg. & Rawle* 156.

The opinion of the Court was delivered by

ROGERS, J.—It is notorious, that the liberal construction which the courts gave to the act of 1798, in *Young* v. *Taylor*, 2 *Binn.* 218; *Pennock* v. *Hart*, 8 *Serg. & Rawle* 369; and *The Commonwealth for the use of Pennock's Executors* v. *M'Kerper*, 13 *Serg. & Rawle* 144; was the principal cause which gave rise to the supplement, passed the 20th of March 1827. In language which it is difficult to misapprehend, the legislature have made a *scire facias* necessary, in all cases where such a writ can issue. We have only to inquire, whether

[Ebright v. The Bank.]

a *scire facias* may have issued to continue the lien ; and I can see no legal objection to issuing such a writ, although the plaintiff may have proceeded to levy on the defendant's property, whether real or personal. The words of the first section are sufficiently comprehensive, to cover the whole ground. No judgment shall continue a lien on real estate for a longer period than five years from which the judgment may be entered or rendered, unless revived by agreement of the parties, or a writ of *scire facias* to renew the same be sued out, notwithstanding an execution may have been issued within a year and a day. And to make the meaning still more certain, in the third section the legislature says, that no order or rule of court, or any other process or proceeding thereof, shall have the effect of obviating the necessity of the revival of the judgment in the manner described. That some inconvenience may arise in a literal compliance with the act, may be probable; but this consequence is for the legislature, and not for the court, to consider. If we listen to these exceptions, others will soon arise, which will be said to come within the same principle; and the mischief and uncertainty which the supplement was intended to remedy will be again introduced. The rule which the legislature have prescribed has the merit of simplicity, and should not be departed from, except in a case of necessity ; where, for instance, from legal principle, a *scire facias* cannot properly issue. The latitude of construction in which the courts have indulged, as to the original act of 1798, has been often regretted as a principal source of legal strife, uncertainty and difficulty.

It would be useless to decide the effect of *Meck's* discharge, for that cannot alter the disposition of the proceeds of the sale, however it may affect the vendee of the sheriff. The purchaser has paid for the interest *Meck* had in the land, whatever that may be, and the money having been brought into court, must be applied in the order of time of the liens existing upon the interest, whether real or supposed, according to their priority. It would be improper in this stage of the proceeding to inquire into the title of *Meck*. That is a question which must be decided in a suit between the trustees and the purchaser. Here it is of no consequence, whether the title is good or bad ; it is sufficient that the land was sold as the property of *Meck*. Jacob *Meck* having died, it is estopped to deny, that he had such an interest as was subject to the lien of judgments in the order of time. The property was seized, condemned and sold as the property of *Henry Meck* ; and as such, the proceeds must be distributed among the creditors, without regard to his title.

Judgment affirmed.